## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARCUS PERRIN ET AL.**                              **CIVIL ACTION**

**VERSUS**                                                    **NO: 23-7060**

**AMERICAN MODERN PROPERTY AND**
**CASUALTY INSURANCE COMPANY**          **SECTION: "H"**

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Doc. 8). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

This case arises out of an insurance contract dispute following Hurricane Ida. Plaintiffs Marcus Perrin and Dana Perrin allege that Defendant American Modern Property and Casualty Insurance Company issued a policy of insurance covering property located at 10458 Lee Settlement Road in Folsom, Louisiana ("the Policy"), which was in effect during Hurricane Ida. Plaintiffs allege that they submitted a timely claim under the Policy for damages sustained, but Defendant failed to timely and adequately tender payment for a "clearly covered loss."[1]

_____

[1] Doc. 1-2 at 2.

1

Plaintiffs filed a suit for breach of contract, breach of the duty of good faith and fair dealing, bad faith claims adjusting, and negligent claims adjusting in the 22nd Judicial District Court for the Parish of St. Tammany. Defendant removed to this Court on November 27, 2023, asserting that this Court has diversity jurisdiction. Plaintiffs filed the instant Motion to Remand, arguing that diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000. Defendant opposes.[2]

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[3] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[4] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[5] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[6]

## LAW AND ANALYSIS

Defendant removed this case on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000.[7] "[C]omplete diversity requires that all persons on one side of the controversy be citizens of

---

[2] Doc. 11.
[3] 28 U.S.C. § 1441(a).
[4] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[5] *Id.*
[6] *Id.*
[7] 28 U.S.C. § 1332(a).

different states than all persons on the other side."[8] A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[9]

Plaintiffs assert in their state court petition that they are domiciled in and therefore citizens of Louisiana.[10] Defendant alleges that it is an Ohio corporation with a principal place of business in Ohio.[11] Therefore, the parties are completely diverse. Plaintiffs, however, contend that Defendant has failed to carry its burden in demonstrating that the amount in controversy exceeds $75,000.

Defendant, as the removing party, bears the burden of demonstrating that the amount in controversy requirement is met.[12] In Louisiana, plaintiffs may not allege a specific amount of damages and may be awarded relief not requested in the pleadings.[13] "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]."[14] "Proving a fact by a 'preponderance of the evidence' means showing that the existence of a fact is more likely so than not."[15]

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the *facts* in

---

[8] McLaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (quoting Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)).

[9] 28 U.S.C. § 1332(c)(1).

[10] Doc. 1-2 at 1.

[11] Doc. 1 at 2.

[12] *Manguno*, 276 F.3d at 723.

[13] Welch v. Occidental Fire & Cas. Co. of N.C., No. 23-5836, 2023 WL 8271613 (E.D. La. 2023) (internal citations omitted); *see also* LA. CODE CIV. P. arts. 893 & 862.

[14] DeAguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993) (*Boeing I*).

[15] Reed v. LKQ Corp., 436 F. Supp. 3d 892, 898 n.1 (N.D. Tex. 2020) (citing Herman & MacLean v. Huddleston, 459 U.S. 375, 390 (1983)).

controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[16] Removal, however "'cannot be based simply upon conclusory allegations.'"[17]

On the face of Plaintiffs' state court petition, it is not apparent that the amount in controversy exceeds $75,000. Plaintiffs do not allege a specific amount of damages in their state court petition, and they claim the following: property damages, loss of contents, loss of use of insured property, additional living expenses, diminution in value of the property, temporary repair and remediation expenses, permanent repair and remediation expenses, attorney's fees, costs, and bad faith penalties.[18] Plaintiffs allege the residence sustained "extensive damage" but does not provide further explanation on the areas or extent of damage.[19] The Court must therefore determine whether Defendant has set forth sufficient facts in controversy in its removal petition that support a finding that the jurisdictional amount in controversy is met.

In its Notice of Removal, Defendant points to a consultant's report, conducted on behalf of Plaintiffs to evaluate the extent of damage sustained by their residence, which lists total amounts owed under the Policy of $39,657.89.[20] Defendant, however, failed to attach the report to its Notice of

---

[16] Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999) (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)).

[17] Felton v. Greyhound Lines, Inc., 324 F.3d 771, 774 (5th Cir. 2003) (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

[18] Doc. 1-2 at 3. Louisiana Revised Statutes § 22:1892 provides for a penalty of "fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater." Louisiana Revised Statutes § 22:1973 provides for a penalty "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." Because the amount of damages claimed by Plaintiffs is unclear, the amount of bad faith damages in controversy is likewise not facially apparent.

[19] *Id.* at 2.

[20] Doc. 1 at 4 n.1. *See also* Doc. 8-4 at 11–12 (dwelling claim of $33,000 and other structure claim of $3,300; Doc. 8-6 at 2–3 (demand letter requesting $26,457.89 for dwelling and other structure claims, which is $36,300 minus the $9,842.11 previously paid by

4

Removal. The argued existence of a fact, without summary judgment type evidence submitted in support thereof, is insufficient to carry Defendant's burden in establishing by a preponderance of the evidence that the jurisdictional amount has been met.[21]

Even so, Plaintiffs submitted to the Court a copy of the demand letter sent to Defendant. Courts generally have held that such demand letters "evidence the amount in controversy insofar as they represent a plaintiff's actual valuation of her claims."[22] The demand letter, which incorporates the figures from Plaintiffs' consultant's report, includes the following amounts, netted for any prior payment by Defendant:[23]

- Dwelling Amount Due: $23,417.19
- Other Structures Amount Due: $3,040.70
- Penalties (50%): $13,228.95
- Attorney's Fees (33.33%): $13,227.62

Thus, Plaintiffs assert a "net claim" of $52,914.46 in their demand letter. This figure, however, does not include any amounts claimed for personal property damages and loss of use. Under the Policy, personal property claims have a $13,200 limit, and loss of use claims have a $3,300 limit. Because Plaintiffs have asserted claims for "loss of contents" and "loss of use of insured property" in their state court petition, these amounts must be included in the

---

Defendant). The Court notes, however, that this amount is different from the asserted amount in controversy in Defendant's opposition to Plaintiffs' Motion to Remand.

[21] *Luckett*, 171 F.3d at 298 (quoting *Allen*, 63 F.3d at 1335).

[22] Bryan v. Walmart Inc., No. 23-7116, 2023 WL 8890341, at *2 (E.D. La. Dec. 26, 2023) (internal citation omitted). *See also* Addo v. Global Life & Accident Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000); Lafayette City-Par. Consol. Gov't v. Chain Elec. Co., No. 11-1247, 2011 WL 4499589, at *6 (W.D. La. Sept. 23, 2011).

[23] Doc. 8-6 at 2–3 (demand letter); Doc. 8-4 at 11–12 (consultant's report).

Case 2:23-cv-07060-JTM-KWR   Document 14   Filed 04/22/24   Page 6 of 7


jurisdictional amount.[24] The Court therefore finds that the amount requested in Plaintiffs' demand letter understates the amount in controversy by omitting their personal property damages and loss of use claims.

Defendant offers the following calculation in opposition. The total Policy limit is $52,800: $33,000 replacement cost value (RCV) for the dwelling, $3,300 RCV for other structures, $13,200 RCV for personal property, and $3,300 RCV for loss of use.[25] Because Defendant previously paid $9,512.01, the remaining available limit is $43,287.99 before inclusion of attorney's fees and penalties.[26] After adding Defendant's calculation of a 50% statutory penalty and 33% in attorney's fees based upon the Policy limits, Defendant concludes that Plaintiffs' claims well-exceed $91,683.99.[27] The Court notes, however, that "the mere fact that the plaintiff's policy limits exceed the jurisdictional amount, without a claim that the plaintiff is entitled to the policy limits or that the plaintiff's property was totally destroyed, is not sufficient to satisfy a removing defendant's burden to set forth facts in controversy to support a finding by this Court that the plaintiff's claim exceeds $75,000."[28]

While Defendant argues that Plaintiffs are "seeking the remaining policy limits," their state court petition does not include any such assertion.[29] Defendant has not set forth any facts in controversy to support its conclusion

---

[24] Doc. 1-2. *See, e.g.*, Cmty. Bancorp of La., Inc. v. Certain Underwriters at Lloyd's London, No. 22:814-JWD-EWD, 2022 WL 17345772, at *3 (M.D. La. Nov. 30, 2022) (considering loss of use policy limit in determining whether amount in controversy requirement is met).

[25] Doc. 11 at 4; Doc. 1-4 at 2.

[26] Doc. 11 at 4.

[27] Defendant's calculation does not include Plaintiffs' claims for damages for the breach of duty of good faith under Louisiana Revised Statutes § 22:1973. Thus, Defendant avers that the amount in controversy is even greater than $91,683.99. *Id.* at 5.

[28] *Welch*, 2023 WL 8271613, at *2 (collecting cases) (Vitter, J.).

[29] As to the extent of coverage, Plaintiffs only assert that "[t]he extensive damage to the Residence caused by the windstorm of Hurricane Ida rendered the residence damaged." Doc. 1-2 at 2.

that Plaintiffs have asserted personal property and loss of use claims that equal or exceed the Policy's limits. Thus, Defendant's calculation of the amount in controversy, which assumed that Plaintiffs are claiming the full Policy's limits for personal property and loss of use, is improper, and the calculation of attorney's fees and penalties as a percentage of that figure is likewise improper. Accordingly, the Court finds that Defendant has failed to satisfy its burden in showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **GRANTED**.

New Orleans, Louisiana this 22nd day of April, 2024.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**